UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARLA BELMONTE, O/B/O J.B.V., A MINOR CHILD,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>Defendant. | No. CV-13-3047-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN AWARD OF BENEFITS |

**BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment, and Defendant's Motion to Remand Pursuant to Sentence Four, 42 U.S.C. § 405(G). ECF Nos. 18, 28. Attorney D. James Tree represents Plaintiff, and Special Assistant United States Attorney Kathryn A. Miller represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands for an immediate award of benefits.

## JURISDICTION

On May 16, 2007, Plaintiff filed an application for supplemental security income on behalf of her minor child, JBV, on June 15, 2007. Tr. 39; 134. Plaintiff's mother listed her disabling conditions as a right club foot, and she alleged the onset

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

date as April 18, 2001. Tr. 138. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). Tr. 41-85.

On October 6, 2009, ALJ Kim Parrish held a hearing, at which Plaintiff's mother, Karla Belmonte, who was represented by counsel, testified. Tr. 298-307. The ALJ denied benefits on December 23, 2009. Tr. 16-21. The Appeals Council denied review on July 27, 2010. Tr. 1-3. Plaintiff filed an action in the United States District Court, where the ALJ's decision was reversed because the ALJ failed to provide legally sufficient reasons supported by the record for rejecting the findings of Plaintiff's treating physician Jennifer McCabe Lentz, and because the ALJ failed to address the testimony from Plaintiff's mother. Tr. 273-93. The case was remanded for administrative proceedings. Tr. 273; 292.

On January 14, 2013, ALJ Virginia Robinson held a hearing, at which medical expert and pediatrician Perry Grossman, and Plaintiff's mother Karla Belmonte, who was represented by counsel, testified. Tr. 308-39. On February 22, 2013, the ALJ issued a decision finding Plaintiff not disabled. Tr. 254-67. The Appeals Council declined review, and the instant matter is before this court pursuant to 42 U.S.C. § 405(g).

On January 27, 2014, Plaintiff filed a Motion for Summary Judgment and requested the court reverse and remand for an award of benefits. ECF No. 18. Defendant conceded that the ALJ had erred, but argued that the proper remedy is remand for additional administrative proceedings. ECF No. 28.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and thus, they are only briefly summarized here. Plaintiff was born with a clubbed foot, and has had two corrective surgeries. Tr. 328. At the time of the first hearing, Plaintiff was eight years old, and in the third grade. Tr. 299. Plaintiff's mother testified that Plaintiff

can walk "up to five to 10 minutes," before she starts limping and feeling pain in her right ankle. Tr. 300. Plaintiff's mother said that on days when Plaintiff "runs too much, plays too much," she will "just lay down and take naps" and try to make the pain recede. Tr. 301. Plaintiff's mother said this happens every day, but some days are worse. Tr. 301. Plaintiff typically awakens in pain a couple of nights per week. Tr. 302. As soon as her pain begins, Plaintiff has a lack of energy. Tr. 302. Plaintiff's mother described how her impairment limits her: "She limits herself. She can't play around with other kids. She can't keep up with them. She can't join some sports. There's a lot of things that she can't do." Tr. 302. Plaintiff also often falls. Tr. 303.

At the time of the second hearing, Plaintiff was in the sixth grade, and she testified that sometimes during PE class, she has to sit out. Tr. 318. She said she cannot make it all the way around the track due to pain. Tr. 318. Plaintiff said that without taking a break to rest, she can walk ten to 12 minutes. Tr. 318-19. Plaintiff said sometimes when she is walking, she can hear her foot "pop" and it starts hurting. Tr. 319.

Plaintiff's mother also testified at the second hearing. Tr. 320. She stated that Plaintiff missed a doctor appointment because she was not able to get the day off work, and she was not able to afford treatment. Tr. 320. Plaintiff's mother testified that Plaintiff is unable to keep up with her siblings, and she can walk for five to 10 minutes without limping. Tr. 322-23. She also testified that Plaintiff is "unable to run. She hops … She is unable to run like a normal kid would be able to. She's unable to run or race with her siblings if they do race when they play around." Tr. 323. Plaintiff's mother also explained that Plaintiff does not like to go anywhere that she knows will require significant amounts of walking. Tr. 324.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales, 402 U.S. 389, 401 (1971)*. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

To qualify for disability benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I). The Social Security Administration has enacted a three step sequential analysis to determine whether a child is eligible for SSI benefits on the basis of a disability. 20 C.F.R. § 416.924(a). First, the ALJ considers whether the child is engaged in "substantial

gainful activity." *Id*., at § 416.924(b).  Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations."  *Id*. at § 416.924(c).  Finally, if the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments."  *Id.* at § 416.924(c)(d). An impairment is functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas. 20 C.F.R. § 416.926a(a).  An impairment is a "marked limitation" if it "seriously interferes with [a person's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2)(I).  By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3)(I).

In determining whether an impairment exists, the ALJ assesses the child's functioning in six domains in terms of his/her ability to: (1) acquire and use information; (2) attend and complete tasks; (3) interact and relate with others; (4) move about and manipulate objects; (5) care for oneself, and (6) his/her general health and physical well-being.  20 C.F.R. § 416.926a(a) (b) (2001).  In order to demonstrate functional equivalence under the Final Rules, the child must exhibit a marked limitation in two of the domains, or an extreme limitation in one domain. 20 C.F.R. § 416.926a(e)(2)(i).

### ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 16, 2007, the application date. Tr. 257.  At step two, the ALJ found Plaintiff suffered from the severe impairments of right clubfoot with surgical repair. Tr. 257.   At step three, the ALJ found Plaintiff's impairment does not meet, medically equal or functionally equal

the severity of one of the Listings.  Tr. 258.  With regard to functional equivalence, the ALJ concluded that Plaintiff does not have an "extreme" limitation in any domain of functioning or a "marked" limitation in two domains.  Tr. 262-66.  Accordingly, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act.  Tr. 267.

## ISSUE

Should the court remand this case for additional administrative hearings or remand for an immediate award of benefits.  ECF No. 18; 28; 29.

## DISCUSSION

**A.    Background**

Before the court is the question of remedy – whether the proper remedy in this case is remand for additional administrative proceedings, or remand for calculation of benefits.  Plaintiff argues that this case must be remanded for an award of immediate benefits.  ECF No. 18 at 18.  Defendant argues that the proper remedy is remand for reconsideration of the improperly analyzed medical evidence.  ECF No. 28 at 6.

Where a child's impairment does not meet or equal one of the Listings, the impairments are evaluated under a functional equivalency standard.  20 C.F.R. § 416.926a.  The ALJ is responsible for deciding functional equivalence after consideration of all evidence submitted. 20 C.F.R. § 416.926a(n).  The Regulations list the information and factors that are considered in determining whether a child's impairment functionally equals a Listing.  20 C.F.R. § 416.926a; 20 C.F.R. § 416.924a, .924b.  In making this determination, the ALJ considers test scores together with reports and observations of school personnel and others. 20 C.F.R. § 416.924a(a); 20 C.F.R. § 416.926a(e)(4)(ii).  The ALJ also considers how much extra help the child needs, how independent she is, how she functions in school, and the effects of treatment.   20 C.F.R. § 416.926a(b).  To functionally equal the listings, the impairments must be of listing-level severity, and must result in

"marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

In general, in determining whether a child has a "marked" or an "extreme" limitation, the ALJ considers the child's functional limitations resulting from all of impairments, including "interactive and cumulative effects." 20 CFR § 416.926a(e). Also in determining the severity of the child's impairment, the ALJ considers "all the relevant information," including signs, symptoms, laboratory findings, and descriptions about the child's functioning from parents, teachers, and others who know the child. 20 C.F.R. § 416.926a(e). The ALJ will consider how the child performs activities as compared to other children her age who do not have impairments. 20 C.F.R. § 416.926a(b).

As of January 2, 2009, Jennifer Lentz, M.D., was Plaintiff's treating physician. Tr. 234. On September 30, 2009, Dr. Lentz completed a "Medical Report for Child" form in which she described Plaintiff's condition as club foot with sequelae of decreased length of foot, decreased range of motion at ankle and subtalar joint, decreased muscle girth and weakness, as well as chronic pain and limping. Tr. 239. Dr. Lentz opined that Plaintiff's prognosis for improvement was poor, and she will likely develop arthritis and may require surgery to fuse the bones in her foot. Tr. 239. Dr. Lentz assessed Plaintiff with marked impairments in two domains: Moving About and Manipulating Objects and Health and Physical Well-Being. Tr. 240-41.

In support of the marked impairment in the Moving About and Manipulating Objects domain, Dr. Lentz explained that while Plaintiff is able to move her body, she often has pain and she limps. Tr. 240. Additionally, Dr. Lentz noted that Plaintiff did not need an apparatus to assist her, but she "is markedly limited in distance/stamina." Tr. 240. In support of the marked rating in the Health and Physical Well-Being domain, Dr. Lentz explained that Plaintiff suffers reduced stamina with walking, and is "really not able to keep up [with] peers and family,

1  [and] not able to go long distances." Tr. 241.

2  Non-examining, retired pediatrician Perry Grossman, M.D., testified as a medical expert at Plaintiff's second hearing. Tr. 326-40. Dr. Grossman testified that in the domain of Moving About and Manipulating Objects, Plaintiff's impairment was less than marked. Tr. 329. Dr. Grossman noted that Plaintiff was able to walk without assistance from a device, and "she is able to walk at least five, 10 minutes without difficulty. She is able to participate at a certain level in sports." Tr. 329.

Dr. Grossman also testified that Plaintiff's impairment in the domain of Health and Well-Being is less than marked. Tr. 330. Dr. Grossman explained his reasoning, "[s]he does require periodic visits with orthopedic surgeons, and at some time in the future may require additional surgery to stabilize the foot but hasn't been hospitalized, and has not required repeated emergency room visits and generally enjoys good health. Tr. 330.

The ALJ gave some weight to Dr. Lentz's opinions, but less weight to her opinions related to her assessment that Plaintiff is markedly limited in the two domains. Tr. 261. The ALJ reasoned that Dr. Lentz's opinions were "inconsistent with her own exam findings as well as the overall medical evidence of record." Tr. 261. The ALJ further cited that Plaintiff "was in no acute distress," had not undergone a checkup in over a year, and Dr. Lentz suggested Plaintiff attempt physical therapy. Tr. 261.

The ALJ gave significant weight to the opinions of non-examining physician Dr. Grossman, on the basis that he had the opportunity to review the record and his opinion was "consistent with objective and physical exam findings as well as the claimant's activities of daily living." Tr. 261.

**B.    REMEDY**

The parties agree that the ALJ committed reversible error, but they disagree about the proper remedy. ECF No. 28; 29. The decision whether to remand for

further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the ALJ's decision. *Strauss v. Comm'r of the SSA*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Plaintiff argues that in light of the Defendant's concession that the ALJ and the testifying medical expert erred by finding the ability to walk five to ten minutes equaled a "less than marked" impairment in two functional domains, the court should apply the "credit as true" doctrine, and find Plaintiff disabled. ECF No. 29 at 3-6. Defendant concedes that the ALJ failed to "provide legally sufficient reasons for preferring the testimony of the non-examining medical expert to the opinion of Plaintiff's treating physician." ECF No. 28 at 6.[1] Defendant also concedes that the ALJ did not properly evaluate whether Plaintiff's impairment meets or functionally equals a listed impairment. ECF No. 28 at 6-7.

Defendant's specific assertion acknowledges Dr. Grossman's opinion that Plaintiff's impairment was less than marked was contrary to the evidence:

> The ALJ did not resolve the non-examining medical expert's testimony that the claimant could walk only '5 to 10 minutes' – compared to a normal child who can 'walk at a normal pace [an] hour or so more – with the medical expert's conclusion that Plaintiff had 'less than marked' limitations in 'Moving About and Manipulating Objects' and 'Health and Well-Being.' … Remand is required to clarify this unresolved issue.

ECF No. 28 at 7.

---

[1] In light of Defendant's dispositive concession, the court will not address this issue.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

Defendant acknowledged that Dr. Grossman's conclusion that Plaintiff's impairment was less than marked in both domains, in light of the evidence, was error. Contrary to the Defendant's assertion, this concession eliminates any "unresolved issue." If Plaintiff has a greater impairment than "less than marked," it follows that Defendant concedes that Plaintiff's impairments are at least marked, because the next category of severity of impairment is "marked,"[2] followed by "severe," also called "extreme." Tr. 239-41; *Beth v. Astrue*, 494 F. Supp. 2d 979, 998 (E.D. Wis. 2007) ("The SSA decides a child's disability claim by evaluating her degree of limitation (*i.e.,* extreme, marked, less than marked, or no limitation) in six "domains".)

Defendant's argument that the case should be remanded for reconsideration, not for an award of benefits relies upon *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). In *Harman*, the court declined to remand for payment of benefits to an adult claimant, because the ALJ did not obtain testimony from a vocational expert about whether the *Harman* claimant's limitations would render him unable to engage in any work. *Id*. *Harman* is inapplicable because vocational expert testimony is not necessary in light of the fact Plaintiff is a minor child, and as noted above, different standards apply to evaluating a childhood disability.

In light of Defendant's concession that Dr. Grossman erred by finding Plaintiff had a less than marked impairment in two domains when the evidence supports that Plaintiff has marked impairments in both domains, no useful purpose would be served by further administrative proceedings.

Usually, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). The Social Security Act, however,

---

[2]A "marked" limitation is described as "a limitation that is 'more than moderate' but 'less than extreme.'" 20 C.F.R. § 416.926a.

makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Accordingly, in appropriate circumstances, courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits. *See, e.g., Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014); *Jones v. Astrue*, 650 F.3d 772, 397 U.S. App. D.C. 88 (D.C. Cir. 2011); *Parsons v. Heckler*, 739 F.2d 1334, 1341 (8th Cir. 1984).

The Ninth Circuit clarified the scope of judicial power to remand for an award of benefits in *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988) ("Varney II"). The *Varney II* court explained that this credit-as-true rule is designed to achieve fairness and efficiency:

> We believe [that this] rule promotes the objectives we have identified in prior disability cases. Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reaching a conclusion first, and then attempting to justify it by ignoring competent evidence in the record that suggests an opposite result." It helps to ensure that pain testimony will be carefully assessed and its importance recognized. Moreover, it avoids unnecessary duplication in the administrative hearings and reduces the administrative burden caused by requiring multiple proceedings in the same case.
>
> Perhaps most important, by ensuring that credible claimants' testimony is accepted the first time around, the rule reduces the "delay and uncertainty" often found in this area of the law, and ensures that deserving claimants will receive benefits as soon as possible. As already noted, applicants for disability benefits often suffer from painful and debilitating conditions, as well as severe economic hardship. Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage—financial, medical, and emotional. Such damage can never be remedied. Without endangering the integrity of the disability determination process, a principal goal of that process must be the speedy resolution of

disability applicants' claims. . . .

> At the same time, the rule does not unduly burden the ALJs, nor should it result in the wrongful award of benefits. . . . [I]f grounds for [concluding that a claimant is not disabled] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.

*Id*. at 1398-99 (quotation marks, citations, and alterations omitted). In light of these concerns, the *Varney II* court noted, "[w]here remand would unnecessarily delay the receipt of benefits, judgment for the claimant is appropriate." *Id.* at 1399.

One year later, the court held that the credit-as-true rule applies to medical opinion evidence, not only claimant testimony. *Hammock v. Bowen,* 879 F.2d 498 (9th Cir. 1989). Since *Varney II,* the Ninth Circuit has applied the credit-as-true rule in nearly two dozen published opinions. The court has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Ryan*, 528 F.3d at 1202; *Lingenfelter*, 504 F.3d at 1041; *Orn*, 495 F.3d at 640; *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Smolen*, 80 F.3d at 1292.

Further, the Ninth has, in a number of cases, stated or implied that it is an abuse of discretion for a district court not to remand for an award of benefits when all of these conditions are met. *See, e.g., Lingenfelter*, 504 F.3d at 1041; *Orn*, 495 F.3d at 629; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Harman*, 211 F.3d at 1178; *Smolen,* 80 F.3d at 1292; *Lester*, 81 F.3d at 834; *Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993); *Swenson v. Sullivan*, 876

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12

F.2d 683, 689 (9th Cir. 1989).[3]

      The Ninth Circuit also considers other factors in determining whether to employ the credit as true doctrine. *See Vasquez v. Astrue,* 572 F.3d 586, 593-594 (9th Cir. 2009). In *Vasquez,* despite outstanding issues related to whether the claimant was disabled, the Ninth Circuit exercised its discretion and directed the ALJ to credit the claimant's testimony as true because the claimant was of advanced age (58 years old) and she had already experienced a "severe" delay (seven years) in her application. *Vasquez,* 572 F.3d at 593-94. The *Vasquez* court noted that "the purpose of the credit-as-true rule is to discourage ALJs from reaching a conclusion about a claimant's status first, and then attempting to justify it by ignoring any evidence in the record that suggests an opposite result." *Id.*

      Plaintiff in this case has experienced a similarly lengthy delay as the *Vasquez* claimant: Plaintiff applied for benefits in May, 2007, more than seven years ago. This case has been reviewed by two separate ALJs over three years apart, as well as by the Appeals Council, and was reversed and remanded once by the District Court. As the Ninth Circuit has pointed out, if valid grounds exist for rejecting evidence, "it is both reasonable and desirable to require the ALJ to articulate them in the original decision." *Harman,* 211 F.3d at 1179 (quoting *Varney*, 859 F.2d at 1399. The ALJ failed to provide valid reasons for rejecting the testimony of Plaintiff's treating physician and Plaintiff's mother related to Plaintiff's functional impairments that indicate Plaintiff is disabled.

      Considering the entire record, the court is persuaded that applying the credit as true rule and remanding for benefits is the proper course in this case. *See Varney,* 859 F.2d at 1399 (noting that it is within the Court's discretion to remand

---

[3]In *Connett v. Barnhart,* 340 F.3d 871 (9th Cir. 2003), the court held that the credit-as-true rule may not be dispositive of the remand question in all cases, and the doctrine envisions "some flexibility." *Id.* at 876.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13

for an award of benefits and finding it appropriate when further proceedings would delay the receipt of benefits).  To remand this matter to consider for a third time to `reconsider the medical opinions and the lay testimony would subject Plaintiff to a disability system of "heads we win; tails, let's play again."  *Id*. (*quoting Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Because no remaining issues exist that must be resolved and it is clear from the record that Plaintiff is entitled to disability benefits, the court **REMANDS** to the Commissioner of Social Security for an immediate award of benefits. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED** and the matter is remanded to the Commissioner for an immediate award of benefits.

2. Defendant's Motion for Summary Judgment, **ECF No. 28**, is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff, and the file shall be CLOSED.

DATED August 5, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 14